ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 12 2004
CLERK, U.S. DISTRICT COURT
BY ______ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUDY RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 4:03CV055-Y |
| | § | |
| CONAGRA GROCERY PRODUCTS COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT PRETRIAL ORDER**

**A. Summary of Claims and Defenses of Each Party.**

***Plaintiff's Claims***

Plaintiff is a Type II diabetic. His sole claim in this case is that the Defendant violated the Texas Labor Code's prohibition against discrimination on the basis of disability. In particular, Defendant violated the "regarded as" definition because it withdrew a job offer based on misperceptions and stereotypes regarding diabetics.

***Defendant's Defenses***

Defendant withdrew a conditional job offer made to Plaintiff because it believed that Plaintiff was not taking his medication to control his diabetes. This is not disability discrimination. To prevail on his claim that ConAgra regarded him as disabled under the Texas Commission on Human Rights Act, Plaintiff must, as a threshold matter, show *both* (1) that ConAgra perceived him as substantially limited in a major life activity, *and* (ii) that ConAgra held that perception due to an impairment that would be covered under the statute. He cannot show either.

First, Plaintiff cannot show that ConAgra regarded him as substantially limited in a major life activity. The only major life activity that Plaintiff has properly alleged is working.[1] To show substantial limitation on the major life activity of working, Plaintiff must produce facts raising an inference that ConAgra perceived his condition as one that disqualified him from a broad class of jobs. Plaintiff cannot meet his burden of proof. In determining whether an employer regarded an employee as substantially limited in a major life activity, the focus is on the decision maker – in this case, Elza Zamora, the Human Resources Manager at the Ranch Style Beans plant. The only belief that Zamora held about Plaintiff's ability to work was that Plaintiff was not qualified for the specific job he had been offered.

Second, assuming *arguendo* that Plaintiff could show that ConAgra perceived him as unable to work in a broad range of jobs, his claim still fails because he cannot show that ConAgra perceived him to have an impairment that would be covered by the TCHRA. All ConAgra believed was that Plaintiff was *not controlling* his diabetes, which is undisputedly a *controllable* illness. Such failure to control an otherwise controllable illness precludes liability under the TCHRA. In other words, Plaintiff was not regarded as disabled in violation of the law.

**B. Statement of Stipulated Facts.**

1. ConAgra owns and operates the Ranch Style Beans plant in Fort Worth, Texas.

2. Plaintiff worked as a temporary employee at the Ranch Style Beans plant from January 25, 2002 to March 1, 2002.

3. The plant produces numerous varieties of cooked canned beans.

---

[1] In prior briefing Plaintiff argued that ConAgra also perceived him as substantially limited in seeing, hearing, walking, standing, conscious reasoning, and communicating. To the extent Plaintiff seeks to do this at trial, he should be precluded from doing so. Plaintiff failed to disclose these in response to ConAgra's written interrogatory that specifically asked him to identify the major life activities that ConAgra purportedly regarded him as substantially limited in.

4. Plaintiff was placed at the Ranch Style Beans plant and paid by Western Staffing Service, a temporary agency.

5. Around February 28, Rodriguez was offered an entry-level production "utility" position at the Ranch Style Beans plant.

6. That position was one of approximately 16 job classifications under the collective bargaining agreement at the plant. (Zamora depo. 27).

7. The offer was contingent on Rodriguez passing a background check, drug screen, and physical exam.

8. Plaintiff went, on March 1, to Occupational Health Solutions for the required physical exam.

9. Dr. Jerry Morris, an occupational physician at the clinic, performed the physical exam.

10. Plaintiff has Type II Diabetes Mellitus.

11. A urine test was part of Plaintiff's pre-employment exam.

12. The urine test indicated that there was glucose in Rodriguez's urine.

13. A blood test was not part of the pre-employment exam.

14. After the pre-employment exam Dr. Morris completed a Medical Qualification Form as follows:

   a. he checked the box next to the statement "Not medically qualified to perform this job;" and

   b. in the comments section he wrote "Uncontrolled diabetes."

15. Dr. Morris gave Plaintiff the form to take back to the Ranch Style Beans plant.

16. Based on Dr. Morris' conclusion as stated in the form, Elza Zamora, the Human Resources Manager at the Ranch Style Beans plant, withdrew the job offer that had been made to Plaintiff.

17. Zamora did not speak to Dr. Morris about Plaintiff prior to withdrawing the job offer.

18. The only information Zamora had from Dr. Morris was the Medical Qualification form.

19. Diabetes cannot be cured, but rather must be managed or controlled by medication, diet, and exercise.

20. Diabetes is the failure of the body to properly regulate blood sugar. (Morris Depo. 18).

21. Individuals with diabetes are unable to produce sufficient or effective insulin, which is needed to control the sugar levels in the bloodstream. (Rodriguez depo. 14; Morris depo. 18).

22. When insulin is not sufficient or effective, glucose stays in the bloodstream rather than entering cells to produce energy, leading to what is commonly known as "high blood sugar."

23. Diabetes is something that can be controlled.

24. In the treatment of diabetes, the goal is to maintain the patient's blood sugar levels within a normal range.

25. Dr. Ramon Garcia is Plaintiff's primary care physician.

26. Dr. Garcia is the only physician who has treated Plaintiff for his diabetes.

27. A hemoglobin A1c test indicates how well controlled an individual's diabetes has been over the prior two or three months.

28. There were no hemoglobin A1c results for nearly a two-year period around the time of the pre-employment exam.

29. Prior to the March 2002 pre-employment exam by Dr. Morris, Rodriguez's last visit with Dr. Garcia was in January 2002.

**C. List of Contested Issues of Fact.**

***Plaintiff's***

1. Plaintiff does not have any actual impairment, and his diabetes has never caused him any adverse mental or physical effects.

2. Plaintiff's doctor switched his medication ten months before the ConAgra pre-employment physical, and ever since then Plaintiff's blood sugar levels have been down within a normal range.

3. A urinalysis reveals absolutely nothing to a physician about a person's blood sugar levels, or what those levels have been over time.

4. ConAgra could have tested Plaintiff's blood sugar levels but it did not do so.

5. Dr. Morris based his decision solely on a urinalysis, even though Dr. Morris himself observed no physical or mental impairment of the Plaintiff during his physical exam.

6. Dr. Morris is not an expert when it comes to assessing whether a diabetic's condition is controlled or uncontrolled. He has not been designated as an expert in this case, and in fact Defendant has not designated any medical expert witnesses.

7. Plaintiff was qualified for the position that he was offered, as evidenced by the fact that (a) he had been performing the duties of that position, and (b) it was his satisfactory performance of those duties that caused ConAgra to offer him a job.

8. Plaintiff has earned less since then than he would have if he had gone to work at the Ranch Style Beans plant.

***Defendant's***

Defendant contests the above facts, but it does not believe they are material or relevant. Further, Defendant believes that the following facts are uncontested, due to admissions by Plaintiff and his witnesses in their depositions. However, Plaintiff has contested these facts:

1. As a temporary employee, Plaintiff did not work in any particular position.

2. A pre-employment physical exam is different from a regular physical exam that is performed by a doctor who is actually treating or caring for the patient.

3. The pre-employment physical is more "basic" than a regular physical exam.

4. In a pre-employment physical, factors considered include whether an individual has an uncontrolled condition and whether the individual is compliant with taking his medication.

5. Rodriguez believes that his pre-employment exam by Dr. Morris was thorough.

6. A urine test is a common component of a pre-employment physical exam.

7. At the pre-employment physical, Rodriguez could not tell Dr. Morris the names of the diabetes medications he was taking.

8. Dr. Morris determined that Plaintiff was not medically qualified for the position at the Ranch Style Beans plant because his diabetes was uncontrolled.

9. When Zamora withdrew the job offer, Plaintiff did not ask her whether any other jobs were available to him at the plant.

10. Plaintiff believes that ConAgra would have hired him if it thought that his diabetes was under control.

11. Plaintiff did not supply ConAgra with any documentation showing that his diabetes was under control.

12. Diabetics must take an active involvement in controlling their diabetes.

13. Diabetics should be under the regular care of a doctor

14. Diabetics should see their primary care physician at least three to four times a year.

15. Any medication should be taken regularly, as prescribed by the doctor.

16. Diabetics should see an ophthalmologist once a year due to the damage that elevated glucose levels can do to the eyes.

17. Rodriguez does not have any reason to think that ConAgra has any prejudices or mistaken beliefs about diabetes.

18. ConAgra employs a number of diabetic employees at the Ranch Style Beans plant.

19. One of the diabetic employees working at the Ranch Style Beans plan was Lorenzo Salazar.

20. Salazar was hired around the same time that Plaintiff was offered a job and was also examined by Dr. Morris.

21. Plaintiff does not know whether, at the time of the physical, his diabetes was under control.

22. Plaintiff cannot recall whether, at the time of the physical, he was only taking the medication once a day, rather than twice a day as prescribed.

23. Plaintiff has a history of being noncompliant with his medication and diet, despite his doctor's repeated warnings.

24. If he did not have insurance or money to buy his medication, he would not take his medication or would take his medication only once a day rather than twice, as prescribed.

25. Plaintiff has missed scheduled doctor's appointments and failed to see specialists that Dr. Garcia referred him to.

26. Although Dr. Garcia has recommended that he keep a diary of his blood sugar levels, Plaintiff has never done so.

27. Around the time of the pre-employment physical, Plaintiff would test his blood sugar approximately once a month.

28. Glucose in an individual's urine can indicate that diabetes is uncontrolled.

29. Glucose in an individual's urine can indicate that the blood sugar is high.

30. Other than Dr. Morris's exam record, there are no medical records or other evidence of Plaintiff's condition at the time of the March 2002 exam by Dr. Morris.

31. At Plaintiff's January 2002 visit with Dr. Garcia, Dr. Garcia merely took care of abscess on Plaintiff's scalp.

32. At the January 2002 visit with Dr. Garcia, Dr. Garcia did not check Plaintiff's blood sugar.

33. After the March 2002 pre-employment exam with Dr. Morris, Plaintiff's next visit to Dr. Garcia was in December 2002.

34. Dr. DeFronzo has never performed physical exams on individuals to determine whether they are qualified for a job or for the purpose of recommending them for a job.

35. With respect to diabetes, the standard of care in the general medical community is not as high as the level of care that Dr. DeFronzo practices.

**D. List of Contested Issues of Law.**

***Plaintiff's***

1. Whether ConAgra regarded Plaintiff as being substantially impaired in one or more major life activities.

***Defendant's***

1. Did ConAgra perceive Plaintiff to be substantially limited in the major life activity of working?

2. Is a perception that Plaintiff had failed to control his diabetes covered by the ADA/TCHRA as "regarded as" discrimination?

3. Is ConAgra entitled to a directed verdict on Plaintiff's TCHRA claim?

**E. Estimate of the Length of Trial.**

Plaintiff estimates that the trial of this matter will take three to four days. Defendant estimates that the trial of this matter will take one to two days.

**F. Additional Matters that May Aid in the Disposition of the Case.**

Pending before this Court are Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment, both filed on October 31, 2003. This Court's granting of either of the Motions would dispose of all or some of the issues of this case. Also pending are Defendant's Motion to Exclude Testimony of Plaintiff's Expert Everett Dillman and

Defendant's Motion to Strike Reports and to Exclude Testimony of Plaintiff's Expert Ralph DeFronzo, also both filed on October 31, 2003.

Entered this the 12th day of May, 2004.

Terry R. Means
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND CONTENT:

Donald E. Uloth
State Bar No: 20374200
ULOTH & PEAVLER, L.L.P.
3400 Carlisle Avenue
Suite 430, LB 23
Dallas, Texas 75204
Telephone: (214) 999-0550
Telecopier: (214) 999-0551

ATTORNEY FOR PLAINTIFF
RUDY RODRIGUEZ

Arthur T. Carter
State Bar No. 00792936
HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas 75202
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

and

Helen Thigpen
State Bar No. 00797756
HAYNES AND BOONE, L.L.P.
2502 N. Plano Road, Suite 4000
Richardson, Texas 75082-4101
Telephone: (972) 739-6900
Telecopier: (972) 680-7551

ATTORNEYS FOR DEFENDANT
CONAGRA GROCERY PRODUCTS COMPANY

R-72245_1.DOC